PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his 2000 Ford Windstar striking a rock when he was traveling northbound on Route 2 in Marshall County. Route 2 is a road maintained by respondent in Marshall County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on February 25,2006, a sunny and dry day. Route 2 is a four-lane road that is marked at the location of claimant’s accident as a “falling rock” area with concrete barriers and a fence on the hillside. Mr. Blair was proceeding on Route 2 when a rock from the hillside adjacent to Route 2 fell into his lane of traffic. Claimant could not avoid the rock due to traffic in his left lane and claimant’s vehicle struck the rock. Mr. Blair testified that the fence had been damaged at least a year prior to his incident. Claimant’s vehicle sustained damage to a tire and rim totaling $262.74.
The position of the respondent was that it did not have notice of the rock on Route 2. Respondent admitted that the area in question is a rock fall area and stated that there are “rock fall” signs located at various locations along Route 2 to warn drivers proceeding on the roadway. Christopher Minor, Highway Administrator 2 for respondent in Marshall County, testified that this is an area that has rock falls occasionally and that there are rock fall signs placed along the highway. He stated that there is also a concrete barrier and a fence in place in order to keep any rocks that fall from getting out into the road. Mr. Minor further testified that there had been a slide approximately a year prior to claimant’s incident which had damaged two sections of the fence. He stated that respondent had attempted to clean up after this slide, but had been unable to repair the fence as it did not have the proper equipment. Mr. Minor stated that a request had been made to have the fence repaired, but that it still had not been fixed. Mr. Minor further stated that he had received no notice of any rock falls in the area of Route 2 prior to claimant’s incident.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location, along with placing concrete barriers and a fence along the hillside. However, respondent was aware that the fence had been damaged for at least a year prior to claimant’s incident *111 and had not fixed the fence. The actions taken by respondent in this claim are not adequate to protect the traveling public from a known hazard. Thus the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public at this location of Route 2 in Marshall County, and further, that respondent is liable for the damages to claimant’s vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $262.74.
Award of $262.74.